```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND


_____
                                   )
NEW ENGLAND PROPERTY SERVICES      )
GROUP, LLC,                        )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    C.A. No. 24-133 WES
                                   )
RIMKUS CONSULTING GROUP, INC.      )
and CARTER TERRY,                  )
                                   )
          Defendants.              )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

This suit arises from an insurance claim that Paul and Yang Gaudreau ("the Gaudreaus") filed with Allstate Indemnity Company ("Allstate") for storm-related damage at their property in West Warwick, Rhode Island. Plaintiff New England Property Services Group, LLC ("NEPSG") – the entity that acquired the Gaudreaus' rights under the insurance coverage - asserts that Defendant Rimkus Consulting Group, Inc. ("Rimkus") and its employee, Defendant Carter Terry, issued an inspection report that negligently omitted critical information related to the claim, which caused Allstate to wrongly deny coverage. Compl. ¶¶ 3, 10, 22-23, ECF No. 1-1.

Rimkus moves to dismiss on the grounds that it does not owe NEPSG a duty of care under Rhode Island law. Def. Rimkus Consulting Group, Inc.'s Rule 12(b)(6) Mot. Dismiss ("Def.'s

Mot.") 1, ECF No. 5.  NEPSG opposes the Motion to Dismiss, and additionally, moves to amend the Complaint to include additional allegations against Rimkus.  NEPSG's Mot. Leave Am. Compl. ("Mot. Am.") 1-2, ECF No. 14.  Rimkus opposes the Motion to Amend on the grounds that the amendment is futile.  Opp'n Def. Rimkus Terry Pl.'s Mot. Leave Am. Compl. 1-2, ECF No. 17.

For the reasons stated below, the Court GRANTS Rimkus' Motion to Dismiss, and DENIES NEPSG's Motion to Amend as it relates to Rimkus.[1]

I. **BACKGROUND**[2]

In November 2021, the Gaudreaus opened a claim with their insurer, Allstate, after discovering storm-related damage at their investment property in West Warwick (the "Property").  Compl. ¶¶ 6-8.  The Gaudreaus then assigned their rights to the insurance claim to NEPSG in exchange for NEPSG providing repairs and home restoration services to the Property.  Id. ¶ 10.

---

[1] The Court grants the Motion to Amend as it relates to Defendant Carter Terry in a separate order.  See Text Order (Aug. 8, 2024); see also Isaacs v. Trs. of Dartmouth Coll., No. 17-CV-40-LM, 2017 WL 2881130, at *2 (D.N.H. July 6, 2017) ("[W]here, as here, a plaintiff seeks to amend the complaint against multiple defendants, each defendant is treated separately under Rule 15 for purposes of amending as of right." (citation and internal quotations omitted)).

[2] The Court assumes that NEPSG's factual allegations are true for the purpose of assessing Rimkus's Motion to Dismiss.  See Pemental v. Sedgwick Claims Mgmt. Sys., Inc., No. CA 14-45-M, 2014 WL 2048279, at *1 n.2 (D.R.I. May 19, 2014) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Approximately a week after receiving the claim, Allstate assigned an inspector from Hancock Claims Consultants ("Hancock") to inspect the damage. Id. ¶ 11. Hancock inspected the Property and issued a report, finding that the storm did not cause any "physical or additional damage" to the home. Id. ¶ 12. And so Allstate informed NEPSG that the amount of loss for the claim was zero. Id. ¶ 14. NEPSG disputed those findings and requested an appraisal. Id. ¶¶ 15-16.

Rather than agree to NEPSG's request, Allstate chose to reinspect the Property on April 5, 2022. Id. ¶¶ 17, 19. Allstate retained Rimkus and its professional engineer, Carter Terry, to conduct the reinspection. Id. ¶¶ 3, 18, 20. After inspecting the Property, Terry authored a report (the "Report") on behalf of Rimkus that omitted visible areas of damage to the Property, including the damage that Hancock had documented in its November 2021 report. Id. ¶ 22. Allstate then relied on the Report to maintain its initial denial of the claim. Id. ¶ 23.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must state a claim that is "plausible on its face" to survive a motion to dismiss. Gartner Tex. Props., LLC v. JPS Constr. & Design Inc., 516 F. Supp. 3d 173, 176 (D.R.I. 2021). "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a 'context-specific' job

3

that compels us 'to draw on' our 'judicial experience and common sense.'" Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). However, the plaintiff "need not demonstrate that [it] is likely to prevail," but instead must "suggest 'more than a sheer possibility that a defendant has acted unlawfully.'" Garcia-Catalan v. United States, 734 F.3d 100, 102-03 (1st Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

The Court determines the plausibility of a claim through a two-step process: it first "isolate[s] and ignore[s] statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements[,]" while taking well-pled allegations as true. Schatz, 669 F.3d at 55. Then, it determines whether the remaining allegations "plausibly narrate a claim for relief." Id. This evaluation requires the complaint to "be read as a whole"; "there need not be a one-to-one relationship between any single allegation and a necessary element of the cause of action." Garcia-Catalan, 734 F.3d at 103 (quoting Rodríguez-Reyes vs. Molina-Rodríguez, 711 F.3d 49, 55 (1st Cir. 2013)). Additionally, the Court must afford all reasonable inferences in the plaintiff's favor. Rodríguez-Reyes, 711 F.3d at 53 (quoting Santiago v. Puerto Rico, 665 F.3d 61, 72 (1st Cir. 2011)).

## III. DISCUSSION

NEPSG asserts a single negligence count against Rimkus, alleging that Rimkus caused Allstate to improperly deny its claim by negligently inspecting the Property and issuing a deficient report. Compl. ¶¶ 24-28. Rimkus moved to dismiss on the grounds that Rhode Island law does not recognize a duty between an independent investigator and an insured. Mem. Supp. Def. Rimkus Consulting Group, Inc.'s Rule 12(b)(6) Mot. Dismiss ("Def.'s Mem.") 6-9, ECF No. 5-1. In response, NEPSG moved to amend its Complaint. See Mot. Am.

The Court now addresses those motions in turn.

### A. Rimkus Motion to Dismiss

#### 1. Rhode Island Law Precludes NEPSG's Negligence Claim.

It is black letter law that a party may only assert claims under a negligence theory if "the defendant owes a duty to the plaintiff." Robertson Stephens, Inc. v. Chubb Corp., 473 F. Supp. 2d 265, 276 (D.R.I. 2007) (quoting Benaski v. Weinberg, 899 A.2d 499, 502 (R.I. 2006)). Consequently, in the absence of a duty, a "plaintiff's claim must fail, as a matter of law." Id. at 276-77 (quoting Selwyn v. Ward, 879 A.2d 882, 886 (R.I. 2005)). The issue of whether a legal duty exists presents "a question of law that only the Court may decide." Doe v. Marriott Hotel Servs., LLC, No. CV 23-487 WES, 2024 WL 2262659, at *5 (D.R.I. May 17, 2024) (citing Volpe v. Gallagher, 821 A.2d 699, 705 (R.I. 2003)).

Rimkus asserts the Rhode Island Supreme Court's holding in Cardente v. Maggiacomo Insurance Agency, 272 A.2d 155, 156 (R.I. 1971), precludes NEPSG's claim.  Def.'s Mem. 6.  There, the court held that "an agent acting on behalf of a disclosed principal is not personally liable to a third party for acts performed within the scope of his authority."  Cardente, 272 A.2d at 156 (citing Cullen v. Donahue, 121 A. 392, 393 (R.I. 1923); Pease v. Francis, 55 A. 686, 687 (R.I. 1903)).  Shortly after that holding, the Rhode Island Supreme Court clarified that agents are not liable when they "(1) act[] solely on behalf of a disclosed principal, (2) act[] within the scope of [their] duties, and (3) ha[ve] not undertaken any other obligation independent of [their] relationship with the principal."  Shapiro v. Roger Williams Univ., No. CA 011-140-ML, 2012 WL 1565282, at *6 (D.R.I. Apr. 30, 2012) (citing C.C. Plumb Mixes, Inc. v. Stone, 272 A.2d 152, 154 (R.I. 1971)).

Here, the factual allegations firmly establish that Rimkus acted solely within the scope of its duties as an agent for Allstate.  The Complaint alleges that Allstate informed NEPSG that it retained Rimkus to conduct the April 5, 2022 inspection, thereby demonstrating the existence of an agency relationship to a disclosed principal.  Compl. ¶ 20; see Weimer v. Allstate Ins. Co., No. CV106010177S, 2010 WL 5491973, at *6 (Conn. Super. Ct. Dec. 13, 2010) (holding that Allstate's hiring of an independent

6

insurance investigator created an agency relationship). Further, the conduct upon which NEPSG stakes its claim – that Rimkus inspected the Property and drafted the Report in a negligent manner – falls within the scope of Rimkus' authority as an independent inspector. Compl. ¶ 22; see Kennett v. Marquis, 798 A.2d 416, 418-19 (R.I. 2002) (applying Cardente because real estate agent acted within the scope of the agency relationship when acting in furtherance of real estate negotiations). Finally, NEPSG makes no claim that Rimkus acted outside the scope of its authority under the agency relationship. See generally Compl.

NEPSG contends, nonetheless, that inspection service companies and inspectors owe a duty to insureds under Rhode Island law. Pl.'s Mem. Law Supp. Obj. Rimkus's Rule 12(b)(6) Mot. Dismiss ("Pl.'s Mem.") 11-12, ECF No. 10-1. It cites the Rhode Island Supreme Court's dicta in Davis v. New England Pest Control Co. that a homeowner may recover for negligent inspection because "implied in every contract for work or services [is] a duty to perform it skillfully, carefully, and diligently and in a workmanlike manner, and a negligent failure to observe any of those conditions is a tort." 576 A.2d 1240, 1242-43 (R.I. 1990) (citations omitted); see Pl.'s Mem. 11-12. It further relies on the state supreme court's acknowledgement in Rousseau v. K.N. Construction, Inc. that privity of contract is no longer required

7

in tort actions involving engineers.  727 A.2d 190, 192 (R.I. 1999); see Pl.'s Mem. 11-12.

The Davis holding is not instructive.  There, the purchaser of a home infested with termites was a third-party beneficiary to the contract between the defendant termite inspector and seller. Davis, 576 A.2d at 1241-42.  Consequently, the court reasoned that the homeowner's status as a third-party beneficiary created a duty in tort for the inspector.  Id. at 1242-43.  Those circumstances are absent here – the allegations do not demonstrate that Allstate intended to retain Rimkus for the benefit of NESPG, rather it did so as an insurer that was assessing its own liability for the claim.  See Glassie v. Doucette, 157 A.3d 1092, 1097 (R.I. 2017) (holding that a third-party beneficiary "must prove that he or she is an intended beneficiary of the contract"); see also Weimer, 2010 WL 5491973, at *5-7 (holding that insureds were not third-party beneficiaries to agreement between insurer and independent inspector).  Moreover, the mere fact that the contract between Allstate and Rimkus could affect NEPSG's claim is not sufficient to establish third-party beneficiary status.  See Weimer, 2010 WL 5491973, at *7 (holding that plaintiffs were not third-party beneficiaries even if "there was a connection between the investigation the defendants were contracted to perform and whether the insured's claim was rejected").

NEPSG's reliance on Rousseau is equally unavailing. The Rousseau court held that a purchaser of real property could assert negligence claims against an engineer who plaintiff's contractor hired to assess whether the parcel could house a septic tank. 727 A.2d at 192. The court reached that conclusion because Rhode Island law no longer required privity of contract between a plaintiff and an engineer. Id. Although Rousseau seemingly supports a duty for Rimkus, that holding only applies in the construction context given the unique relationship between architects, engineers, and contractors and certain third parties. See Robertson Stephens, 473 F. Supp. 2d at 278 (collecting cases). Therefore, what separates this case from Rousseau is that Allstate hired Rimkus to act as an inspector in evaluating an insurance claim, rather than as an engineer that assisted in making improvements to the Property. See Compl. ¶¶ 18, 20, 22-23.

Accordingly, Rhode Island law precludes NESPG from stating its negligence claim because Rimkus, as the agent of a disclosed principal, owes no duty to NESPG.

> 2. The Rhode Island Supreme Court Would Likely Hold that Independent Investigators Do Not Owe a Duty to Insureds.

Even if Cardente did not extend to independent inspectors, the Rhode Island Supreme Court would likely hold that insureds may not assert negligence claims against them. Because this issue presents a novel question under Rhode Island law, the Court must

9

attempt to predict how the Rhode Island's highest court would rule. Robertson Stephens, 473 F. Supp. 2d at 281. Notably, it is not the Court's role to adopt a rule that it simply "might consider best." Moores v. Greenberg, 834 F.2d 1105, 1107 n.3 (1st Cir. 1987) (citation omitted). The Court instead acts as a soothsayer, peering to the tea leaves of "analogous state court decisions, adjudications in cases elsewhere, and public policy imperatives" to predict the holding of the Rhode Island Supreme Court. Kathios v. Gen. Motors Corp., 862 F.2d 944, 949 (1st Cir. 1988).

Numerous courts outside of Rhode Island have addressed an analogous issue – whether independent adjustors owe a duty to the insured. See Lodholtz v. York Risk Servs. Grp., Inc., 778 F.3d 635, 641 n.11 (7th Cir. 2015) (collecting cases). A vast majority of those courts refrained from extending a duty on the grounds that such claims run contrary to longstanding principles of agency law and enable insureds to double recover. See, e.g., Trinity Baptist Church v. Bhd Mut. Ins. Servs., LLC, 341 P.3d 75, 86 (Okla. 2014); Akpan v. Farmers Ins. Exch., Inc., 961 So.2d 865, 874 (Ala. Civ. App. 2007); Hamill v. Pawtucket Mut. Ins. Co., 892 A.2d 226, 230 (Vt. 2005); Charleston Dry Cleaners & Laundry, Inc. v. Zurich Am. Ins. Co., 586 S.E.2d 586, 588-89 (S.C. 2003); Meineke v. GAB Bus. Servs., Inc., 991 P.2d 267, 271 (Ariz. Ct. App. 1999); Sanchez v. Lindsey Morden Claims Servs., Inc., 84 Cal. Rptr. 2d 799, 803 (Cal. Ct. App. 1999); see also Weimer, 2010 WL 5491973, at *7

(holding that insured could not assert negligence claim against independent inspector).

Those courts found that permitting claims against adjustors would contravene core agency principles because insurers are already liable for the conduct of adjustors. The Supreme Court of Vermont articulated that rationale:

> The relationship between the insured and the insurer is defined and governed by the insurance policy and its accompanying implied covenant of good faith and fair dealing. Further, the obligations of an independent adjuster are measured by the contract between the adjuster and the insurer. Because the conduct of an adjuster acting within the scope of his or her authority as agent for the insurer is imputed to the insurer, the insurer is subject to liability for the adjuster's mishandling of claims in actions alleging breach of contract or bad faith. Hence, allowing the insured to sue the independent adjuster in tort for economic losses allegedly caused by mishandled claims is both unnecessary and contrary to the law of agency.

Hamill, 892 A.2d at 230 (citations omitted). Moreover, those courts found that policy considerations weigh against creating a duty, as permitting double recovery against an adjustor and insurer is inherently unfair and would drive up insurance costs. See, e.g., Trinity Baptist Church, 341 P.3d at 86; Hamill, 892 A.2d at 230-31; Meineke, 991 P.2d at 271.

Conversely, two state courts have held that independent adjustors or inspectors owe a duty to insureds. See Morvay v. Hanover Ins. Cos., 506 A.2d 333, 335 (N.H. 1986) (holding that

11

insureds could assert negligence claims against independent investigator); Cont'l Ins. Co. v. Bayless & Roberts, Inc., 608 P.2d 281, 287-88 (Alaska 1980) (ruling that independent claims adjustors owe a duty to insureds). Unlike courts that adopted the majority view, the New Hampshire Supreme Court and Alaska Supreme Court centered their inquiries on the foreseeability of harm. They reasoned that adjustors and inspectors have a duty to act reasonably because they are fully aware that their negligent conduct could result in financial harm to insureds. Morvay, 506 A.2d at 335; Cont'l Ins. Co., 608 P.2d at 287-88.

The Court finds that the Rhode Island Supreme Court would likely hold that independent inspectors do not owe a duty to insureds. As described above, most courts refuse to extend a duty as it relates to independent adjustors. Tellingly, those courts rely on the same agency principles and policy considerations that the state supreme court enunciated in Cardente.[3] See 272 A.2d at 156 ("While the [agency] rule may appear to be harsh, the [insured] is not remediless for in the law the disclosed principal is just

---

[3] The Alaska Supreme Court found that adjustors owe a duty by applying state law that directly contravenes the holding in Cardente v. Maggiacomo Ins. Agency, 272 A.2d 155, 156 (R.I. 1971). See Cont'l Ins. Co. v. Bayless & Roberts, Inc., 608 P.2d 281, 287-88 (Alaska 1980). That court stated its reliance on its previous holding "that in the event of negligence by a disclosed agent acting within the scope of his authority the agent may be held personally liable to a third party." Id. at 288 (quoting Austin v. Fulton Ins. Co., 498 P.2d 702, 704 (Alaska 1972)).

12

as much bound."); see also Danielsen v. USAA Cas. Ins. Co., No. 3:15-CV-00878 (VAB), 2015 WL 7458513, at *2-3 (D. Conn. Nov. 24, 2015) (holding that the Connecticut Supreme Court would likely not find a duty by relying on state precedent and majority approach). In fact, this Court previously predicted that the Rhode Island Supreme Court would adopt the majority view in the context of independent insurance administrators. Robertson Stephens, 473 F. Supp. 2d at 280-81.

Accordingly, Rimkus does not owe NEPSG a duty.[4]

**B.   NEPSG's MOTION TO AMEND**

Because Defendants removed this case from state court, NEPSG seeks to add allegations to ensure that its Complaint satisfies federal pleading standards. Mot. Am. 1. NEPSG asserts that the new allegations do not significantly alter the facts or legal issues. Id. at 1-2. NEPSG also contends that Rimkus could refile its Motion to Dismiss without much modification if the Court affords leave to amend. Id.

Consistent with NEPSG's representations, the proposed amendment does not substantially change the facts or issues. NEPSG does not assert new claims as to Rimkus's role in the denial of

---

[4] Because Rimkus does not owe a duty to NEPSG, the Court refrains from addressing the alternative arguments that Rimkus asserts in its Motion to Dismiss. See generally Mem. Supp. Def. Rimkus Consulting Group, Inc.'s Rule 12(b)(6) Mot. Dismiss 9-13, ECF No. 5-1.

13

the insurance claim. See generally Proposed First Am. Compl. ("PAC"), ECF No. 14. NEPSG does, however, revise its argument on why Rimkus owes it a duty of care. It now contends that enforcing an insured's duty to cooperate with a claims investigation without allowing suit against the inspector would "be unconscionable, violate public policy, and leave [insureds] vulnerable to negligent inspection service businesses." See id. ¶¶ 38-51. In support, NEPSG introduces allegations that describe its obligations under the insurance policy and under state law. Id. ¶¶ 7-13, 38, 42. NEPSG also adds that it was reasonably foreseeable that a negligent inspection would cause Allstate to improperly deny the claim.[5] Id. ¶¶ 30-34, 42-43, 52-53.

Leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); see Ferreira v. City of Pawtucket, 365 F. Supp. 2d 215, 216 (D.R.I. 2004). The Court, however, may deny leave if the amendment would be futile. Sheet Metal Workers Loc. No. 20 and Benefit Fund v. CVS Pharmacy, Inc., 305 F. Supp. 3d 337, 342-43 (D.R.I. 2018). An amendment is futile "if it is either frivolous or contains some fatal defect," such as failure to state a claim upon which relief could be granted. Amyndas Pharms., S.A. V. Zealand Pharma A/S, 48 F.4th 18, 40 (1st

---

[5] NEPSG attaches photos of the premises found in the Hancock report, the Terry report, and the letter confirming Allstate's final denial of the claim. PX1, Hancock Report, ECF No. 14; PX2, Terry Report, ECF No. 14; PX3, Denial Letter, ECF No. 14.

14

Cir. 2022) (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)). Futility, in such circumstances, is "gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6)," as set forth above. Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 276 (1st Cir. 2013) (quoting Hatch v. Dep't for Children, 274 F.3d 12, 19 (1st Cir. 2001)); see McDaniel v. Preserve Prop. Mgmt. Co., LLC, No. 23-292 WES, 2024 WL 1050082, at *2-9 (D.R.I. Mar. 11, 2024) (applying the Rule 12(b)(6) standard to a proposed amended complaint).

The PAC fails for the same reasons as the initial Complaint. First, because NEPSG does not assert allegations that significantly alter the facts, the agency principles that the Rhode Island Supreme Court adopted in Cardente still preclude NEPSG's negligence claim. See 272 A.2d at 156. Second, the amended allegations do not change this Court's holding that the Rhode Island Supreme Court would likely not recognize a duty of care between insureds and independent investigators. In the PAC, NEPSG merely expresses the minority view that the Rhode Island Supreme Court is unlikely to adopt. See Am. Compl. ¶¶ 52-53; Morvay, 506 A.2d at 335 (finding agent's knowledge of duty between insurer and insured and the foreseeability of harm a basis for duty).

Accordingly, the Motion to Amend is DENIED as it relates to Rimkus. The Court grants the Motion as it relates to Terry in a separate order.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Rimkus's Motion to Dismiss, ECF No. 5, and DENIES NEPSG's Motion to Amend, ECF No. 14, as it relates to Rimkus.

IT IS SO ORDERED.

_____
William E. Smith
District Judge
Date: August 8, 2024